UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD PUDLOWSKI,
on behalf of himself and all
others similarly situated,

                 Plaintiff,

       v.                                       Case No. 20-C-1092

SAMUEL, SON & CO. USA INC.,

                 Defendant.

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF A RULE 23 CLASS, AND CERTIFICATION OF A COLLECTIVE ACTION**

Based on the Parties' submissions in support of their Joint Motion for Preliminary Approval of Class Action Settlement, Certification of a Rule 23 Class, and Certification of a Collective Action (Dkt. No. 18), as well as the record as a whole,

**IT IS ORDERED THAT**:

1.     Preliminary approval of the Parties' Settlement Agreement and Release of Claims (the "Settlement Agreement") is granted as the Court finds that the settlement terms negotiated by the Parties and described in the Settlement Agreement are a fair and reasonable resolution of a bona fide dispute between Defendant and all affected employees of Defendant during the relevant timeframes.

2.     Plaintiff's Rule 23 class is certified for settlement purposes pursuant to FED. R. CIV. P. 23. The Court finds that this class meets the requirements of FED. R. CIV. P. 23(a) and FED. R. CIV. P. 23(b)(3). The class is defined as follows:

> All current and former hourly-paid, non-exempt employees employed by Defendant at its Tomahawk, Wisconsin and Marinette, Wisconsin facilities within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) who received payment pursuant to Defendant's QPSI Program.

3.     Donald Pudlowski shall serve as the representative for the certified FED. R. CIV. P. 23 class.

4.      The law firm of Walcheske & Luzi, LLC is hereby appointed as class counsel for the certified FED. R. CIV. P. 23 class.

5.      The Court further certifies this case for settlement purposes as a collective action pursuant to 29 U.S.C. § 216(b).  The FLSA Collective is defined as follows:

> All four (4) current and former hourly-paid, non-exempt employees employed by Defendant at its Tomahawk, Wisconsin and Marinette, Wisconsin facilities within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who received payment pursuant to Defendant's QPSI Program and have consented to join this lawsuit pursuant to this Court's prior orders.

6.      The Court approves the Notice of Class Action and Collective Action and Proposed Settlement (the "Notice Packet") and Opt-In Consent Form attached as Exhibit A to the Settlement Agreement.  Plaintiff's counsel is directed to mail a copy of the Notice Packet to the Settlement Class Members via first-class mail within 14 days of this order.

7.      The Notice Packet constitutes the best notice practicable under the circumstances, including individual notice to all putative Class Members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Class Members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution.

8.      Each putative Class Member who wishes to be excluded from the Settlement Class must opt-out per the instructions set forth in the Notice Packet.  Members of the Settlement Class have until 30 days after the initial mailing of the Notice Packet to exclude themselves from the case.

9.      Any Class Member who has not properly and timely requested exclusion from the Settlement Class shall be bound in the event the Court issues a final order approving the Settlement Agreement.

10.     **The Court will conduct a Fairness Hearing on February 25, 2022, at 9:30am** to determine whether the Settlement Agreement should be approved as fair, reasonable, and adequate and whether the proposed final order approving the Settlement Agreement should be entered.

11.     Plaintiff shall apply for attorneys' fees and costs at least 21 days prior to the Fairness Hearing, pursuant to Rule 23(h).

12.     Any Class Member or Collective Member who wishes to object in any way to the proposed Settlement Agreement or to the Plaintiff's application for attorneys' fees and costs must file and serve such written objections per the instructions set forth in the Notice Packet no later than 14 days prior to the Fairness Hearing, together with copies of all papers in support of his or her position.  The Court will not consider objections of any Class Member or Collective Member

2

who has not properly served copies of his or her objections on a timely basis.  The Parties' response to any objections shall be filed at least 7 days prior to the Fairness Hearing.

Dated at Green Bay, Wisconsin this 23rd day of November, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge