UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

DONALD PUDLOWSKI
on behalf of himself and all
others similarly situated,

      Plaintiff,                                         Case No. 20-C-1092

     v.

SAMUEL, SON & CO. USA INC.

      Defendant.

## ORDER GRANTING
## FINAL APPROVAL OF SETTLEMENT,
## CERTIFICATION OF A RULE 23 CLASS,
## AND CERTIFICATION OF A COLLECTIVE ACTION

Based on the parties' submissions in support of their Joint Motion for Final Approval of Settlement, Certification of a Rule 23 Class, and Certification of a Collective Action, as well as the record as a whole,

IT IS ORDERED THAT:

1. Final approval of the parties' Settlement Agreement and Release of Claims (the "Settlement Agreement") is granted as the Court finds that the settlement terms negotiated by the Parties and described in the Settlement Agreement are a fair, reasonable, and adequate resolution of a *bona fide* dispute between Defendant and all affected hourly-paid, non-exempt employees who of Defendant during the relevant timeframes.

2. Plaintiff's Rule 23 class is certified pursuant to FED. R. CIV. P. 23. The Court finds that this class meets the requirements of FED. R. CIV. P. 23(a) and FED. R. CIV. P. 23(b)(3). The class is defined as follows:

> All current and former hourly-paid, non-exempt employees employed at Defendant at its Tomahawk, Wisconsin and Marinette, Wisconsin facilities within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) who received payment pursuant to Defendant's QPSI Program.

3. The Court further certifies this case as a collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective is defined as follows:

All four (4) current and former hourly-paid, non-exempt employees employed by Defendant at its Tomahawk, Wisconsin and Marinette, Wisconsin facilities within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who received payment pursuant to Defendant's QPSI Program and have consented to join this lawsuit pursuant to this Court's prior orders.

4. Donald Pudlowski shall serve as the representative for the certified FED. R. CIV. P. 23 class and the FLSA Collective.

5. The law firm of Walcheske & Luzi, LLC is hereby appointed as class counsel for the certified FED. R. CIV. P. 23 class and the FLSA Collective.

6. Defendant shall provide Plaintiff's counsel with settlement checks for the Settlement Class (*i.e.*, members of the FED. R. CIV. P. 23 class and the FLSA Collective) within fourteen (14) calendar days from the date of this Order.

7. Plaintiff's counsel shall promptly serve the settlement checks to the Settlement Class via U.S. Mail following receipt of the settlement checks from Defendant's Counsel.

8. The Settlement Class shall have one-hundred and twenty (120) days to cash individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendant.

9. Plaintiff's unopposed request for approval of attorneys' fees and case related costs and expenses in the amount of $22,597.90 is approved as fair and reasonable.

10. Plaintiff's unopposed request for approval of a service award in the amount of $1,000.00 is approved as fair and reasonable.

11. The Settlement Class members' released claims are hereby dismissed with prejudice.

12. The FLSA claims of putative members of the FLSA Collective who did not properly or timely opt-in to the FLSA Collective in full accordance with this Court's prior orders are dismissed without prejudice.

Dated at Green Bay, Wisconsin this 3rd day of March, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge